**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE: ADMINISTRATIVE SUBPOENAS TO CHILDREN'S HOSPITALS | Civil Action No. 26-cv-1834-JRR |

**GOVERNMENT'S MOTION FOR CLARIFICATION AND**
**FOR ISSUANCE OF A SCHEDULING ORDER**

The Government respectfully moves the Court to clarify the nature of this action and enter a scheduling order covering the various requests for relief that Plaintiffs made in their case-opening document, which is designated as a "Complaint" on the Court's docket.

Plaintiffs' case-opening document (Dkt. No. 1-1) seeks multiple forms of novel relief that will require extensive research, pre-class certification factual development, and thorough briefing. Although the document is not titled as a "Complaint," it was docketed as a "Complaint" and generally attempts to fulfill the requirements of Fed. R. Civ. P. 8(a). In fact, a "civil action" is commenced only with a "complaint." Rule 3. Moreover, the case-opening document here is not a simple motion to quash a defined subpoena, as in the prior matter this Court considered between the same parties, *In Re: 2025 Subpoena to Children's Nat'l Hosp.*, No. 1:25-cv-3780-JRR (D. Md. filed Nov. 17, 2025), *appeal docketed*, No. 26-1104 (4th Cir. Feb. 2, 2026). Rather, Plaintiffs' case is an attempt to enjoin the United States from obtaining certain evidence in an ongoing, nationwide federal criminal investigation, both retrospectively and prospectively. Therefore, Plaintiffs' case-initiating document should be considered a Complaint.[1]

---

[1] Plaintiffs may protest that their case-opening document is not truly a "Complaint" because it calls itself a "Motion." Dkt. No. 1-1 at 1. Notwithstanding its title, it appears that when e-filing the document,

I

There can be no question that the document (also) includes multiple mixed "motions" seeking several forms of relief. Local Rule 105.2(a). The Government approached Plaintiffs' counsel about a potential extension of time to respond, but Plaintiffs advised that they would not agree to extend briefing dates unless the Government essentially agreed to much of the same relief their lawsuit seeks. The Government declined to do so. Thus, the United States respectfully requests that the Court issue a consolidated scheduling order as follows:

- Government's Joint Motion to Dismiss and Opposition to Plaintiffs' Motion for Preliminary Injunction, due July 10, 2026;

- Plaintiffs' Joint Opposition to the Motion to Dismiss and Reply in Support of Preliminary Injunction, due July 31, 2026; and

- Government's Reply in Support of Its Motion to Dismiss, due August 21, 2026.

This consolidated schedule will promote considerable judicial efficiency. For example, Plaintiffs will need to overcome the Government's threshold arguments both to prevail on their preliminary injunction motion, and to overcome the Government's forthcoming motion to dismiss. Because substantively similar arguments will be presented in the context of the two procedural vehicles, it makes considerable sense for the Court to consider and adjudicate the arguments once rather than twice, and for the parties to develop and present them together rather than through unnecessarily multiplicative briefs.

*Timing for briefs.* Defendants propose that their opening briefs, including the response to the complaint, be due **July 10, 2026**. This would make the United States' response time 60 days, not from service of the summons and complaint on the United States Attorney, Rule 12(a)(2)—as

---

Plaintiffs selected a CM/ECF "Complaint" filing event. Moreover, the document's contents will control, not its caption. *Belk, Inc. v. Meyer Corp.*, 679 F.3d 146, 157 (4th Cir. 2012); *see also* Fed. R. Civ. P. 8(e). Plaintiffs identified "U.S. Department of Justice" in the "Defendants" block of their Civil Cover Sheet and checked Box 2, "U.S. Government Defendant," as the "Basis of Jurisdiction." Dkt. No. 1 at 1.

discussed below, Plaintiffs have not yet properly served the Government—but as a courtesy, 60 days from Plaintiffs' informal service on Defendants' counsel on May 11, 2026.

The United States requests that the Court set Plaintiffs' joint opposition/reply for **July 31, 2026,** and its own reply for **August 21, 2026.** Under the local rules, the default time for oppositions and replies is 14 days. Local Rule 105.2(a). Nonetheless, due to the complexity of some of the issues, and the parties' need to address both preliminary injunction and motion-to-dismiss elements, a longer 21-day period is warranted.

*Need for service of summons and complaint.* The United States urges the Court to make the first July 10 deadline contingent upon Plaintiffs successfully effecting service of summonses by the relevant date. The United States is obviously aware of this suit, and by filing this motion, its attorneys submit themselves to the authority of the Court. But an attorney's appearance is not a substitute for valid service of process,[2] and service on the United States Attorney triggers the United States' obligation to respond to a complaint at all, Rule 12(a)(2). While Plaintiffs docketed their case-opening document as a "Complaint" and have served that document on the U.S. Attorney's Office, they still need to submit multiple summonses to the Clerk of Court's Office, Local Rule 103.2(a)(i)(a), if they have not already done so, and to serve the summonses (and the complaint) on the United States Attorney's civil-process clerk and the Attorney General, per Rule 4(i)(a)(A) & (B).

*Postponing consideration of class certification.* Plaintiffs' opening document also encompasses a motion for class certification. (Dkt. No. 1-1 at ¶¶ 8-10). The Government respectfully suggests that consideration of certification matters—and potential pre-certification class discovery—be postponed until after the Court can address the myriad threshold issues with

---

[2]  If an attorney's appearing and filing a motion for relief were sufficient to waive inadequate process, there would be no need for Rule 12(b) motions asserting insufficient process.

Plaintiffs' lawsuit. In part to allow courts more time to address certification, the 2003 amendments to the Federal Rules of Civil Procedure call for class certification to be decided "at an early practicable time," abandoning the mandate that district courts should decide class certification "as soon as practicable." 3 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 7:8 at n.15 (6th ed. 2022) (quoting Rule 23(c)(1)(A); citing 2003 Advisory Committee Comments).

These considerations apply with particular force here. Even assuming, arguendo, that Plaintiffs' class-certification motion would not raise any factual disputes, the parties would certainly be required to brief (and the Court would be obliged to resolve) legal issues wholly extraneous to the parties' preliminary-injunction motion and forthcoming motion to dismiss. Among other apparent problems, it is unclear whether the class-action device can be used to quash *en masse* subpoenas that Congress authorized for the investigation of criminal activity. Also, the proposed class appears to encompass sub-classes of persons potentially implicated by subpoenas that have been: (a) already quashed; (b) already enforced; (c) already complied with; (d) already withdrawn; and (e) not yet even issued. There are also issues of consent for disclosure of medical records, which some class members may have given in different contexts and with different contractual language.

If the Court finds that Plaintiffs could not satisfy the certification requirements for one or more of these sub-classes, the Court could be obliged to consider whether Plaintiffs could cure the deficiencies in the class definition by defining one or more formal sub-classes. Given the prospect that the early motions practice may help narrow the issues in the case, or possibly even fully dispose of it, it will promote judicial efficiency to put certification on hold until after the Court is able to resolve threshold sovereign immunity, separation-of-powers, and other challenges to subject-matter jurisdiction.

For the reasons above, the Government respectfully requests that the Court clarify that Plaintiffs have filed a complaint and adopt the proposed briefing schedule for the orderly disposition of the case.

Dated this 19th day of May, 2026.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JORDAN C. CAMPBELL
Deputy Assistant Attorney General

BRANTLEY T. MAYERS
Counsel to the Assistant Attorney General

LISA K. HSIAO
Acting Director
Enforcement and Affirmative Litigation Branch

*/s/ Ross S. Goldstein*
ROSS S. GOLDSTEIN (Bar No. 15700)
PATRICK R. RUNKLE
Assistant Directors

SCOTT B. DAHLQUIST
Trial Attorney

United States Department of Justice
Enforcement and Affirmative Litigation Branch
P.O. Box 386
Washington, DC 20044
Tel: (202) 353-4218
Fax: (202) 514-8742
Ross.Goldstein@usdoj.gov

5