**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

In Re Administrative Subpoenas to
Children's Hospitals

Case No. 8:26-cv-01834

**MOVANTS' OPPOSITION TO THE GOVERNMENT'S MOTION FOR
CLARIFICATION AND FOR ISSUANCE OF A SCHEDULING ORDER**

Movants oppose the Government's Motion for Clarification and for Issuance of a

Scheduling Order because the Government's proposed schedule would defer the only relief that

requires immediate adjudication: conditional class certification and preliminary injunctive relief

protecting minors' patient-identifying information and protected health information ("PHI").

The Government's motion focuses on whether Movants' filing should be treated as a

complaint, whether summonses should issue, and when the Government should file a motion to

dismiss. Those issues need not drive the schedule now. Whatever label appears on the docket,

Dkt. 1-1 indisputably includes a pending motion for class certification, to quash Requests 11–13,

and for preliminary injunctive relief. The question now is whether those preliminary-relief issues

should be heard promptly, or delayed until July and August while the Department of Justice

("DOJ") continues pursuing the very PHI Movants seek to protect.

Movants' requests for conditional class certification and preliminary injunctive relief

should be heard promptly. Movants seek to prevent irreversible privacy harms arising from

DOJ's ongoing pursuit of minors' identities and medical records through Requests 11–13 and

materially identical demands. Once DOJ obtains, reviews, or uses that information,

confidentiality cannot be restored. Preliminary relief is necessary to preserve the status quo while

the Court adjudicates the legality of DOJ's demands. The Government's proposed schedule

would do the opposite: it would postpone briefing on preliminary relief for months and allow DOJ to continue pressing for compliance before the Court decides whether DOJ may do so.

Nor would expedited briefing prejudice the Government. The legal issues are not new to DOJ. The same DOJ attorneys have litigated materially identical subpoena demands around the country, including in this Court. DOJ has already briefed many of the issues previewed in its motion, including sovereign immunity, separation of powers, and subject-matter jurisdiction. Local Rule 105.2 permits the Court to shorten the ordinary briefing schedule. Given the urgent privacy interests at stake, expedited briefing on preliminary relief and conditional class certification is warranted.

Movants therefore propose the following schedule:

- DOJ's opposition to Movants' motion for preliminary injunctive relief and conditional class certification: **within 7 days of the Court's order**;

- Movants' reply: **within 3 days after DOJ's opposition**.

The Government's request to postpone class certification should also be denied. Movants seek class-wide relief precisely because DOJ is pursuing materially identical PHI demands from many hospitals. Movants' class motion is central to the preliminary relief requested. Without class-wide protection, absent patients' PHI may be disclosed before the Court can adjudicate the legality of DOJ's demands. That is the irreparable harm Movants seek to prevent.

Rule 23(c)(1)(A) requires certification to be decided at an "early practicable time." In this case, an early practicable time is now, at least for purposes of conditional class-wide preliminary relief. DOJ's speculation about subclasses, consent issues, subpoenas in different procedural postures, or the ultimate propriety of final certification is not a reason to postpone consideration. DOJ may raise those arguments in opposition to conditional certification. They are not grounds

to defer class-wide preliminary protection while DOJ continues seeking the PHI of absent class members. Nor would prompt class briefing create inefficiency: the same issues that make class-wide relief necessary—DOJ's uniform investigation, materially identical subpoena requests, common privacy harms, and the need for indivisible injunctive relief—also bear directly on the preliminary injunction.

The Court should also deny the Government's request to "clarify" that Dkt. 1-1 is a complaint. The Government's request rests on a mistaken premise: that because the Clerk's Office docketed Movants' motion on the civil docket, because the initial docket entry says "complaint," and because the civil cover sheet identifies DOJ as a Defendant, Movants must be deemed to have filed a complaint commencing an ordinary civil action governed by Rules 3, 4, 12, and 15. Not so.

Movants filed exactly what their motion says: a motion for class certification, to quash unlawful administrative subpoena requests, and for preliminary injunctive relief preserving the status quo while the Court considers those requests. The filing is not titled "complaint," does not list claims, and does not seek damages or ordinary civil relief. The Clerk's Office's direction to open the matter as a civil case and docket the initial filing as a complaint does not convert the filing into a complaint or alter the relief Movants seek. In the first related Children's National matter, Movants initially filed their motion as a "miscellaneous motion," and the Court transferred the matter to the civil docket. *In re 2025 Subpoena to Children's Nat'l Hosp.*, No. 1:25-cv-03780 (D. Md. Nov. 17, 2025) (transferred docket); *In re 2025 Subpoena to Children's Nat'l Hosp.*, No. 1:25-mc-00709 (D. Md. Nov. 17, 2025) (initial docket). Movants merely followed the Clerk's direction here. The Government should not be permitted to transform compliance with the Court's administrative filing requirements into a substantive concession that

3

Movants filed a complaint.

Nor does Rule 3 compel the Government's preferred result. Rule 3 addresses how an ordinary civil action is commenced. But proceedings involving federal administrative subpoenas are expressly governed by Rule 81(a)(5), which provides that the Civil Rules apply to proceedings involving subpoenas issued by a United States officer or agency "except as otherwise provided by statute, by local rule, or by court order in the proceedings." Fed. R. Civ. P. 81(a)(5). Rule 45 contemplates relief by motion, not complaint. Fed. R. Civ. P. 45(d)(3)(A). This matter is therefore properly before the Court as a motion proceeding arising from DOJ's § 3486 subpoenas.

For the same reason, service pursuant to Rule 4 is not a prerequisite to adjudicating Movants' pending motion for preliminary relief. The Government's service argument depends entirely on its mistaken premise that Dkt. 1-1 is a complaint. Because Dkt. 1-1 is a motion, Rule 4(i)'s requirements do not bar the Court from setting a prompt schedule for preliminary relief. Movants served the Government with their motion papers by email and first-class mail, including service on the U.S. Attorney for the District of Maryland, DOJ officials, and the DOJ attorneys involved in the underlying subpoena matters. The Government has actual notice of Movants' motion; indeed, it has appeared and affirmatively seeks relief from this Court. Nothing about the absence of summons service prevents the Government from responding to the motion it has already received and addressed.[1]

At a minimum, if the Court grants the Government additional time beyond an expedited preliminary-relief schedule, that extension should be conditioned on interim relief preserving the

---

[1] If the Clerk should issue summonses because of the civil docket designation, the appropriate remedy is administrative. That administrative step should not transform the motion into a complaint, defer briefing on preliminary relief, or postpone conditional class-wide protection.

4

status quo: DOJ should be ordered not to seek, demand, receive, review, use, or enforce production of patient-identifying information or PHI responsive to Requests 11–13 or materially identical demands, and to provide advance notice to Movants' counsel before pursuing any enforcement petition seeking such information.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court deny the Government's proposed scheduling order. The Court should set an expedited schedule for DOJ's opposition to Movants' request for preliminary injunctive relief and conditional class certification, and for Movants' reply.

Dated:  May 20, 2026

*/s/ Eve Hill*
Eve L. Hill (Bar No. 19938)
ehill@browngold.com
BROWN GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 2500
Baltimore, MD 21202
Tel: (410) 962-1030
Fax: (410) 385-0869


Josh Rovenger (*pro hac vice*)
Donovan Bendana (*pro hac vice*)
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont Street, Suite 950
Boston, MA 02108
(617) 426-1350
jlevi@glad.org
dbendana@gladlaw.org

Shannon Minter (*pro hac vice*)
Rachel Berg (*pro hac vice*)

5

NATIONAL CENTER FOR
LGBTQ RIGHTS
1401 21st Street # 11548
Sacramento, California 95811
(415) 365-1338
sminter@nclrights.org
rberg@nclrights.org

*Attorneys for Movants*

6